UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN ARTHUR JOHNSON,

        Petitioner,

  - against -

STATE OF NEW YORK,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-03213 (RRM)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On June 18, 2012, *pro se* petitioner John Arthur Johnson filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his ongoing criminal action in Queens County on speedy trial and double jeopardy grounds. The Court considers the petition instead as a challenge under 28 U.S.C. § 2241, but dismisses for failure to exhaust state court remedies. Petitioner filed a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which is granted for the limited purpose of this Memorandum & Order.

## DISCUSSION

To petition for a writ of habeas corpus under 28 U.S.C. § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Here, petitioner is not in custody pursuant to a state court judgment. In fact, petitioner states that, following a mistrial, his case was scheduled to go to trial for a second time on May 29, 2012, but the trial judge adjourned the trial until May 29, 2015. (Pet. (Doc. No. 1) at 2, ¶ 12.)[1] However, pretrial habeas

---

[1] Petitioner has filed *pro se* a related civil matter currently pending before this Court, *Johnson v. Pugh, et al.*, 11-CV-0385 (RRM)(MDG), alleging claims of false arrest and malicious prosecution pursuant 28 U.S.C. § 1983 against members of the Queens County District Attorney's Office and the New York Police Department arising out of the prosecution underlying this *habeas* petition. That matter has been stayed pending resolution of the underlying criminal case. On June 22, 2012, defendants in the related civil action filed a status report, advising that the criminal matter is still pending, plaintiff [petitioner herein] had been through several defense attorneys, and, in an effort to

relief is properly considered under 28 U.S.C. § 2241, and a court may consider an improperly characterized pretrial habeas petition as having been filed under 28 U.S.C. § 2241.  *See Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976); *Hoffler v. Bezio*, Civ. No. 11-CV-0396 (TJM), 2011 WL 5599602, at *3–5 (N.D.N.Y. Nov. 17, 2011); *Marte v. Berkman*, Civ. No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011).

Before a federal court may consider a habeas petition under 28 U.S.C. § 2241, petitioner must first exhaust his state court remedies.  *See Scranton*, 532 F.2d at 294–96; *Marte*, 2011 WL 4946708, at *6.  To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General of New York*, 696 F.2d 186, 190–92 (2d Cir. 1982). Here, there is nothing to suggest that a challenge was ever made before the trial court on speedy trial or double jeopardy grounds, let alone before the highest state court.  Petitioner included one relevant, but entirely conclusory, statement in his petition: "There are not other States [sic] Court remedies that could correct the injustice." (Pet. at 2, ¶ 13.)   Petitioner also attached several letters from the Appellate Division of the Supreme Court of New York, Second Department, in which the Second Department clerk attempted to explain that no judgment or appealable order had been rendered in his case, and thus no appeal could be taken. (Letters with Pet. (Doc. No. 1 at 5–8).)  Even if a proper motion was made before the trial court, and the Appellate Division thereafter formally refused to hear an appeal, petitioner still would not have exhausted his state court remedies.  *See Allen v. Maribal*, Civ. No. 11-CV-2638 (KAM), 2011 WL 3162675, at *2 (E.D.N.Y. July 25, 2011).  Additional remedies are available, and the petition must therefore be dismissed.  *See, e.g.*, *Scranton*, 532 F.2d at 295–96 (speedy trial); *Hoffler*, 2011 WL 5599602, at

---

avoid needless court appearances, the criminal trial judge set May 29, 2015 as a control date for plaintiff to retain new counsel. *See Johnson v. Pugh, et al.*, 11-CV-0385 (RRM)(MDG), Doc. No. 30.  Defendants further advised that "plaintiff can move his scheduled appearance date up to an earlier date once he obtains a new attorney." *Id.*

*2 (double jeopardy); *Marte*, 2011 WL 4946708, at *6 (double jeopardy); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.") (applicable to § 2241 under Rule 1(b)).[2]

Finally, a petitioner must obtain a certificate of appealability in order to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). It is unclear whether a certificate of appealability is required for a state detainee to challenge denial of habeas relief under § 2241. *See Marte*, 2011 WL 4946708, at *10. Assuming a certificate of appealability is required, it is denied to petitioner, as there is no question that he has not exhausted his claims. Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

## CONCLUSION

For the reasons above, the petition for a writ of habeas corpus is DISMISSED, and no certificate of appealability shall be issued. The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order to petitioner, and close this case.

---

[2] As noted above, *see supra* n.1, petitioner may also seek to advance the currently-scheduled control date of May 29, 2015.

3

SO ORDERED.

Dated: Brooklyn, New York
July 11, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge